Zelma Silverstone, p. a.
vs.          No. 92302.
Ward Baking Company

May 1, 1934.

FROST, J. Heard upon plaintiff's motion for new trial after verdict for defendant.

This is an action to recover for injuries alleged to have been suffered when plaintiff, while eating, took into her throat a small piece of wood which she asserted was in a loaf of "soft bun bread" manufactured and sold by the defendant. Several distinct issues were raised by the evidence and were left to the jury for determination.

Defendant earnestly contended at the hearing on this motion that the evidence did not prove with sufficient conclusiveness that the loaf of bread reached plaintiff's home in the same condition in which it left defendant's shop. It is true that it was possible for the proprietor of the store to which the bread was delivered by the bakery to insert a piece of wood in the bread or through accident a splinter of wood might have imbedded itself in the bread, but both of those possibilities are exceedingly remote. If the jury based its verdict upon either of them, the Court would consider the verdict to be against any reasonable view of the evidence. There is no way, of course, of determining on what issue or issues the jury did base their verdict.

Again, it was argued that no negligence on the part of the defendant had been proved. If the jury believed the plaintiff, the defendant having introduced no testimony as to the care used in the manufacture of the bread in question, the jury would have been obliged, in accordance with the weight of the evidence, to find against the defendant on liability, but there is no way in the absence of special findings to determine whom the jury believed. In the last analysis in a case of this character, much depends upon the credibility of the plaintiff and her mother. The credibility of a witness is very generally for the jury.

A third issue in this case, as tried, was the conduct of the plaintiff. Was she guilty of negligence contributing to the accident? The plaintiff is a well-developed, robust type of girl. At the trial she gave her age as 16 years. At the time of the accident she was a student at the Central High School. On Sunday afternoon, May 14, 1933, she went to Roger Williams Park with a girl friend. On her return, being hungry, she had some broth and bread. The bread was a sliced loaf, wrapped in paper. Some slices had been used. She ate one slice. This slice seemed to have something in it. She testified that at the time she said to her mother that she felt something funny

in the bread; that her mother said that she was always complaining of something. She took a second slice and while eating it felt some foreign matter in her throat. She succeeded in getting the substance, which proved to be a small piece of wood, out of her mouth. Dr. Kramer was called the next morning and discovered an area in her throat that was slightly red. It was argued at the trial that a girl of plaintiff's age and maturity would naturally make some examination of the bread if, when eating a slice, she discovered some foreign substance and that failure so to do was contributory negligence. This issue, too, was left to the jury for determination. Upon the jury that tried this case were four women. If it be argued that men might not know what the conduct of a normal girl would be on discovering foreign matter in bread, whether such knowledge would or would not lead to an examination of the bread before eating more, surely the argument cannot be made with the same force in the case of mature women. In the opinion of the Court the question of the plaintiff's contributory negligence was for the jury and if it be assumed that the case was decided on this issue, the Court cannot say that the verdict is against the weight of the evidence.

Upon a consideration of the entire case, the Court thinks the verdict does substantial justice between the parties and plaintiff's motion is therefore denied.

For plaintiff: Isadore S. Horenstein, I. H. Press.

For defendant: Henshaw, Lindemuth & Baker.